Andrew Cufaude
SID#14511972
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF OREGON

| | |
|---|---|
| ANDREW B. CUFAUDE, | Case No. 2:22-cv-01604-HZ |
| Petitioner,<br>v. | CIVIL RIGHTS COMPLAINT<br>[§ 1983] |
| THERAPEUTIC LEVEL OF CARE COMMITTE, DR. GARTH GULICK, AND DR. BYRON D. HEMPHILL, AND SNAKE RIVER CORRECTIONAL INSTITUTION HEALTH SERVICES et al. | |
| Defendants. | |

At Snake River Correctional Institution. There is a prisoner grievance procedure in this institution per OAR 291-109-0100 to 291-109-0190. Petitioner has filed timely and appropriate grievance(s) concerning the facts relating to this complaint. The grievance process is exhausted.

Plaintiff asks the courts for reinstated or reopen of review, **United states district court, of Oregon, Case No. 2:20-cv-00384-MI, dismissed without prejudice, and reason, failed to exhaust administrative remedies, but favorable to plaintiff.** Plaintiff has exhausted his administrative remedies to move forward in all case.

## PARTIES

A.  Plaintiff:    Andrew Cufaude SID# 14511972
    Address:    SRCI
                777 Stanton Blvd
                Ontario, OR 97914

B.  Defendant:   Dr. Garth Gulick, and Dr. Hemphill are employed as doctor's
                at Snake River Correctional Institution.

C.  Defendant:   Snake River Correctional Institution
                medical staff, et al.

D.  Defendant:   Therapeutic Level of Care Committee.
                DR. G. Gulick
                DR. B. Hemphill
                DR. L. Koltes
                NFP A. Clements
                DR. C. Digiulio

# FIRST PRESERVATION OF FACTS

In the present case, the Petitioner has grieved his level of pain with Health Services at Snake River Correctional Services since 2021, **(BACK) APP#1-6**. After 4 years of persistent pain; Petitioner was diagnosed with a back/spinal issues. and Grievances.   **APP#7,** Tort "DENIED" **APP#8-16**. AIC Communication form to medical staff DR. 8-8-2022, evidence that medical does not have correct medical records. This is a violation of HIPPAA.   A short time after surgery in 2018; Petitioner's back was diagnosis as a failed surgery in 8-7-20, and upgraded to "severe"**APP#17-60**. Since that time, Petitioner has complained to Health Services in form of kites and grievances of his loss of leg motor function, loss of bladder control, dizziness, as well as pain under and around left side kidney, denial of a bottom bunk restriction, and enduring 4 years of pain or more.  Non-emergency Health care request, covers everything from pain to torture, in asking for help with my medical needs, which Petitioner insists has done nothing to decrease pain and has led to petitioner's loss of left leg function and inability to control his bladder, and has complained to Health Services in form of kites and grievances from October 2019 until present. **APP#61-74,** plaintiff's 400, as well as ODOC TLC medical opinions.  Review shows that medical records are not entered correctly entered, HIPPAA -violation, plaintiff does have **stenosis. APP#75-95,** Medical records of first surgery with DR. MD, Christian G. Zimmerman.  Medical don't have the records, or entered correctly. **APP# 96-106, redo** second surgery on back

Pro Se Complaint for Violation of Civil Rights (Prisoner)

4

with Kenneth M. Little, MD. Medical don't have records, entered correctly, or have records. **APP# 107-110**, personal Back issues, MRI, with L3-L4 L4-L5 L5-S1, etc.

## SECOND PRESERVATION OF FACTS

In the present case, the Petitioner has grieved his level of pain with Health Services at Snake River Correctional Services since 2021, **(KIDNEY) APP# 1-8** Plaintiff has suffered with severe pain and appropriately documented for over the last 4 years of pain of kidney issues since October 2018, and Grievances. **APP# 9** Tort Denied. **APP# 10-12** Diagnosis of the Kidney on 3-16-2022, by sonogram. "In Question", ("no treatment at this time?.") asked for treatment and nothing done, as well as nothing for pain on 8-6-2021, blood test showed GFR 70 kidney damage with mild decreased GFR. **APP# 13-20**, Over Ten, Medical Request Complaints of the pain. AIC communication forms to medical of kidney related issues, cloudy urine, hard to urinate, bladder control, dizziness, as well as pain under and around left side kidney, **APP#21**   Diagnosis of the kidney was to be performed with a Cat scan that was ordered on 12-29-21, was (Denied) and a Sonogram preformed in its place. Plaintiff has complained to Health Services in form of kites and grievances from October 2021 until present.

- **(The most prevalent documentations in support of this claim was submitted to the United states district court, of Oregon, Case No. 2:20-**

cv-00384-MI, dismissed without prejudice, and reason, failed to exhaust administrative remedies, but favorable to plaintiff)

- (The most prevalent documentations in support of this claim was submitted to the United States Court of Appeals for the Ninth Circuit San Francisco office, Case No. 20-70178, and they were not returned with the dismissal)

- (*Withholding all validating documentation submitted to the San Francisco court*)

- (Habbas Corpus, Case No. 21cv33675, Denied, writ in August.

- (8-9-2022, incompetence of medical staff, plaintiff went on med trip for TC scan, without being prepared properly, trip their and back, nothing done.)

# CLAIM

Doctor Garth Gulick, and DR. Byron D. Hemphill, the Snake River Correctional Institution medical staff, and TLC are "Deliberately Indifferent" to Petitioner's serious medical needs, thus causing unnecessary wanton infliction of pain. They have neglected to timely and comprehensively provide treatment for over four years or more to properly treat Petitioner's medical diagnosis and remedy his persistent pain. They are in violation of HIPPAA, and the 8th Amendment of the United States Constitution as made applicable by the 14th Amendment, as well as violating Article 1§16 and 1§13 of the of the Oregon Constitution. As well as Declaration of human Rights, in violating Appendix D. Article 5. and Article 25.

# STANDARD OF REVIEW

The legal standard for an 8th Amendment claims for Deliberate Indifference is provided by the lead cases of *Farmer v Brennan*, 511 US 825 (1975), and *McGuckin v. Smith,* 974 F.2d 1050, 1055 (9th Cir 1992), *Medina v. Buther,* U.S.D.C. (S.D.N.Y), Case No. 1:15-cv-01955, which are and continue to be the legal binding precedent. In *McGuckin* it is clear that "the existence of chronic and substantial pain" itself demonstrates a serious medical need. Deliberate Indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain; *Estelle v. Gamble,* 429 US 97, (1976). A reasonable official would understand that to deny or delay treatment for such pain, or to ignore

it, would constitute deliberate indifference to a serious medical condition, and therefore violates the 8th Amendment prohibition against cruel and unusual punishment. As well as Declaration of Human Rights 5th and 25th. The Oregon Supreme Court's opinion is the standards of the 8th Amendment and Article 1§16 of the Oregon Constitution are the same, and as such to make a claim of deliberate indifference to a serious medical need. The Petitioner must establish more than an honest difference of medical opinion, and to do this must establish that a serious medical condition exists. If a prisoner presents a condition that a reasonable doctor or patient would find important or worthy of comment or treatment, and the presence of a medical condition that significantly affects an individual's daily activities or the existence of chronic or substantial pain are indications that a prisoner has a serious medical condition and need. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir 1992), *Eddy v. Norrish*, 94 F.3d 650 (1996), *Delker v. Maass*, 843 F.Supp. 1390, 1400 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain and suffering," *Estelle v. Gamble*, 429 US 97 (1976), *Billings v. Gates,* 323 Or 167 (1996). Deliberate Indifference entails something more than negligence, but is satisfied by something less than act or omissions for the very purpose of causing harm or the knowledge that harm will result, *Farmer v Brennan*, 511 US 825 (1975). Deliberate Indifference may be manifested in two ways:

1.) It may appear when prison officials deny or intentionally interfere with medical treatment or; HIPPA violation.

2.) Delay, as in this case a period of over four years. One not need show any long term or permanent physical harm occurred, but only need show that chronic, substantial pain, and discomfort have had significant adverse restrictions to Petitioners daily work and activities.

There are two elements to make a cognizable 8th Amendment claim;

**A).** The "Objective Element" requires proof that the prisoner's serious medical need was not treated in a proper and timely manner. If the claim alleges mere delay of surgery, the inmate must establish that the delay resulted in harm.

**B).** The "Subjective Element" that requires proof of unnecessary and wanton infliction of pain.

**A. Objective Element:** The Petitioners case closely resembles that of *Delker v. Maass,* 843 SUPP 1390 (1994), where the inmate endured the delay of surgery for over four years from 2018 to 2022, during which time he experienced severe pain in attempting all work and physical activities. In the present case, the Petitioner has shown that since 2014 he has undergone 2 surgeries due to the diagnoses of 2019 MRI needing surgery: L4-L5: (with **stenosis**) [APP# 98] Large broad-based bulge and bilateral facet hypertrophy. **Moderate spinal stenosis centrally** (7.1 mm AP canal diameter). Severe bilateral subarticular recess **stenosis**. Mild to moderate left foraminal narrowing. L5-S1: Severe intervertebral disc height loss with

degenerative endplate signal. Large left subarticular **disc extrusion impinging on the left S1 nerve root**. Plaintiff has issues with the nerve pain changing with movement of plaintiff's back this would be serious medical problem. Plaintiff is now on his **second foot brace** from complications from the nerve damage. Medical DR. staff deny or intentionally interfere with medical discovery of plaintiff's full BACK examination when it is known by all medical staff that plaintiff has multilevel disc disease "meaning my hole Back" not just one spot.

As well as left side pain from the **kidney** area appearing 6/8/2016, 2.4 cm cyst middle third of the kidney, after asking medical DR. Gulick, about the issue of the pain and kidney to be told nothing wrong, now 9/10/2021, left renal cyst (5cm) that is 2 inches in size, only to have a sonogram and to be told that it non- malignant. Looking at it is not treatment, having urinary tract problems, no treatment. Flank Pain, swelling, straining, changes in the urine's odor.  (No treatment has been ordered.) and to be told your not in pain by medical.

**B. Subjective Element:** This element has been met by Dr. Gulick, the TLCC, and medical staff of Snake River Correctional Institute; in them having knowledge of the diagnosis and receiving medical claims of persistent pain and aggravating connected medical problems to petitioner due to untimely and non-comprehensive treatment. Upon second opinion of DR. Hemphill, 8/7/2020, was stated that plaintiff had a failed back surgery. Torture is defined by pain, by injury, that is not treated.  ODOC medical staff can implicate torture by not applying

reasonable medical care, or correct pain medication, upon which was not applied upon plaintiff for over four, or more year's not being believed that plaintiff had nerve damage from a **redo** Back surgery, with medical record's showing evidence that plaintiff Back surgery was a failed surgery. Being told by medical staff DR. Gulick that ODOC medical does not treat pain. This would be considered as torture to be, and known that plaintiff was in pain 24/7. How it is stated, from medical staff and DR. Gulick, is that when plaintiff is released from ODOC custody then plaintiff will have correct pain medication, but till then ODOC does not treat neuropathic pain.

The paradox of ODOC is medical is not to treat pain, then turn right around and the moral is, now that you are depressed because you are in pain, you can be treated for depression for the pain. "Plaintiff has nerve damage". ODOC treatment of depression medication is not correct treatment for nerve pain, plaintiff still has to get (Toradol) shot's once every six months, as well as muscle relaxant for only three day, out of the six months, or be refused. Ref: "Torture", the plaintiff being allowed to suffer, when medical staff knew plaintiff is in pain. With plaintiff's other health conditions, plaintiff has side effects from the depression medication, that plaintiff was sick from the medication. Medical wouldn't believe plaintiff. Plaintiff had to stop taking the depression medication, plaintiff is afraid to take any oral medication now after being sick. This all has been demonstrated in medical request kites and numerous visits to ODOC physicians or other health care

professionals for over a 4-year period of time. Pain and Suffering is allowed even seeing a new provider DR. Hemphill, upon 7-26-2022, with proper neuropathic pain medication was administered to help elevate (some) of the long-term pain and suffering. Muscle relaxants of (Baclofen)&(Norco) were asked to TLC, because of muscle contraction of the back and electrical shocks throughout the feet/leg's, this was, (**Denied.**) Plaintiff seen order of cancel no 7-26-2022, with the word (cost) written in top right corner of paper. 8-8-2022, plaintiff was told by ODOC medical DR. Hemphill that TLC denied, Norco & Baclofen, because there is no record to show for the pain, that plaintiffs is in.

Record proof:

After redo Surgical repair 6/6/2019, plaintiff has been allowed to have, in 2022. plaintiff don't understand why it was almost four or more years after the surgery.

1. Lower bunk.
2. Lower tier.
3. Cane, for long distant walking.
4. Orthopedics, foot drop brace. Was not working correctly, plaintiff had to "self-pay for Orthopedics."
5. New Orthopedics, 4-20-2022, approved, payment covered.

Medical refuses to believe plaintiff, is in pain, or has nerve damage or that plaintiff has record of medical stenosis which is, spinal stenosis, pain due to

compression of the spinal nerve root, as well as herniated disc, plaintiff has multilevel disc disease L4-L5 and L5-S1. A short time after surgery in 2018; Petitioner's back was diagnosis as a failed surgery in 8-7-20, and upgraded to "severe." This is in the Criteria Guidelines for chronic pain medication for nerve damage as well as Multiple neuron-degenerative diseases. Plaintiff is still being refused, correct nerve and muscle, chronic pain medication.

On 7-26-2022, Medical wants Plaintiff has to supply plaintiff's "Back" records for medical, upon which medical don't have all known surgery's preformed though ODOC medical. *See* #APP, 8-16

Plaintiff has to do, lite duty job's, so that the pain is not intensify. Unable to work out or walk around the track as a regular AIC's, fear of the pain being intensify even more. Ibuprofen and aspirin do not work for nerve pain, plaintiff can take hand full and pain still the same.

These complaints clearly show a deteriorating condition including severe pain and discomfort which limit his abilities, and quality of life. Thus, deliberate indifference.

# RELIEF

Requesting this court find relief in favor of Petitioner. That his persistent medical needs in relation to the events transpired be handled urgently and with the utmost priority at State expense. Plaintiff is of need of an order of the following:

1. Correct pain medication.

2. Medical accommodated restrictions on; lifting, bending, climbing, standing walking, cane, hearing, and a bottom bunk restriction.

3. Other medical test's: CT Scan/ MRI or Back Surgery ECT. To correct plaintiff's **Back** issues if possible.

4. Another medical test's: CT Scan/ MRI or **kidney** Surgery ECT. To treat plaintiff's kidney issues if possible.

I am asking the courts for an order of these conditions and their discretion in monetary compensation of $10,000,000 to cover permanent disabilities, and a life of pain.

Signed this  7  day of   Oct   , 20 22.

Respectfully Submitted,

*Andrew Cufaude*

Andrew Cufaude
Sid # 14511972
Snake River Correctional Institute
777 Stanton Blvd
Ontario, Oregon 97914

## CERTIFICATE OF SERVICE

CASE NAME: Andrew Benton Cufaude v. TLC Granite, Dr. Gulick & Dr. Hemphill Health services et. al.

CASE NUMBER: (if known) _____

COMES NOW, Andrew Benton Cufaude, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Snake River Corrections.

That on the 7 day of Oct, 20 22, I personally placed in the Correctional Institution's mailing service A TRUE COPY of the following:

E-File USDC

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

E-FILE USDC

(Signature) Andrew Cufaude

Print Name Andrew Cufaude
S.I.D. No.: 14511972